IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Lee Ann Hill, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 6:17-3198-BHH |
| v. | ) | |
| | ) | |
| Nancy A. Berryhill, Acting | ) | **ORDER** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is an action brought pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Acting Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Lee Ann Hill's ("Plaintiff") claim for disability insurance benefits. The record includes the report and recommendation ("Report") of United States Magistrate Judge Kevin F. McDonald, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

In his Report, the Magistrate Judge recommends that the Court reverse and remand the Commissioner's final decision for further administrative action. The Commissioner filed objections to the Report, and the matter is ripe for review. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court adopts the Magistrate Judge's Report to the extent it is consistent with this order and remands this matter to the Commissioner for further consideration.

## BACKGROUND

Plaintiff applied for disability insurance benefits on February 7, 2014, and for

supplemental security income on March 7, 2014.  In both applications, she alleged she became unable to work on September 23, 2013.  Both applications were denied initially and upon reconsideration.  Plaintiff requested a hearing before an administrative law judge ("ALJ"), and a hearing was held on June 23, 2016.  In a decision dated October 4, 2016, the ALJ found that Plaintiff was not disabled within the meaning of the Act.  Plaintiff requested review by the Appeals Council, and the Appeals Council denied review on October 23, 2017, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  Plaintiff filed this action seeking judicial review of the Commissioner's final decision on November 28, 2017.

Plaintiff was 38 years old on her alleged disability onset date and 41 years old at the time of the ALJ's decision.  She completed high school and has past relevant work experience as a sewing machine operator; sales representative of recreation and sporting goods; housekeeper/cleaner; and office manager.

## STANDARDS OF REVIEW

### I.    The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court conducts a de novo review to those portions of the Report to which a specific objection is made, and this Court may accept, reject, or modify, in whole or in part, the recommendations contained in the Report.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).  Any written objection must specifically identify the portion of the Report to which the objection is made and the basis for the objection.  *Id.*  If a party fails to file any specific

objections, this Court "need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

## II.    Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act.  Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).  "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).  "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebreeze*, 368 F.2d 640, 642 (4th Cir. 1966)).  In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

## I.    The Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to result in death or which has lasted or can expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful

activity since September 23, 2013, the alleged onset date. Next, the ALJ determined that Plaintiff has the following severe impairments: history of cerebrovascular accident, right knee chrondromalacia, migraines, bilateral corneal neuvascularization/pannus, obesity, depression, and anxiety. However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. With regard to Plaintiff's residual functional capacity ("RFC"), the ALJ found that Plaintiff could perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b) with the following additional limitations: she can lift and/or carry 20 pounds occasionally and ten pounds frequently; she can stand and/or walk six hours in an eight-hour work day; she can sit six hours in an eight-hour work day; she can frequently push or pull; she can never climb ladders, ropes, or scaffolds; she can occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl; she must avoid concentrated exposure to excessive noise and hazards; she can frequently use near and far acuity; she is limited to simple, routine tasks performed two hours at a time in a work environment free of fast paced production requirements involving only simple, work-related decisions with few, if any workplace changes. The ALJ found that Plaintiff was able to perform her past relevant work as a housekeeper/cleaner. Therefore, the ALJ found that Plaintiff was not under a disability at any time from September 23, 2013, through the date of the decision.

## II.    The Court's Review

In this action seeking judicial review, Plaintiff raises the following allegations of error:

1.    This matter must be remanded pursuant to *Meyer* because "no fact finder has made any findings as to the treating physician's opinion or attempted to reconcile the new evidence with the conflicting and

supporting evidence in the record.

2. The Appeals Council improperly failed to consider new and material evidence submitted by Hill's treating physicians in violation of 20 C.F.R. § 404.970(b).

3. The ALJ failed to conduct an appropriate medical equivalency analysis of Plaintiff's migraine headaches under Listing 11.03.

4. The ALJ erred by assigning "little weight" to the medical source opinions of Plaintiff's treating physician, Dr. Toussaint.

(ECF No. 18 at 1-2.)

In his Report, the Magistrate Judge considered only the issue of whether the ALJ erred by failing to conduct a proper medical equivalency analysis of Plaintiff's migraine headaches at step three of the sequential evaluation process. The Magistrate Judge noted that there is no Listing for migraines, so the Social Security Administration routinely considers migraines under the criteria for the epilepsy Listing. *Cooper v. Berryhill*, 244 F. Supp. 3d 824, 828 (S.D. Ind. 2017). The Magistrate Judge further noted that the ALJ referenced the epilepsy Listings that were in effect until September 28, 2016, one week prior to the ALJ's decision dated October 4, 2016. However, the neurological Listings were revised effective September 29, 2016, and Listing 11.03 was removed and combined with Listing 11.02 in the revised version, which applies to "new applications filed on or after the effective date of the rules, *and to claims that are pending on or after the effective date.*" *See* 81 Fed. Reg. 43048-01, 2016 WL 3551949 (July 1, 2016) (emphasis added). Accordingly, the Magistrate Judge explained that the ALJ should have considered whether the findings related to Plaintiff's headaches were at least of equal medical significance to those of the revised Listing 11.02. The Magistrate Judge did not end his analysis there, however. Instead, the Magistrate Judge further concluded that under either the revised or

6

previous version of the epilepsy Listings, the ALJ failed to conduct an appropriate medical equivalency analysis by not applying the guidance provided in the Agency's Questions and Answers set forth in SSA National Q&A 09-036, which pertains to the evaluation of migraine headaches.

The Commissioner objects strongly to the Magistrate Judge's reliance on Q&A 09-036, noting not only that Plaintiff first raised the issue of Q&A 09-036 in her reply brief and therefore waived the argument, but also–and more importantly in the Court's opinion–that the Q&A is not official published regulatory or sub-regulatory guidance and that there is no evidence in the record that the Q&A cited by Plaintiff and relied upon by the Magistrate Judge was the version in effect or applicable at the time of the ALJ's decision.[1]

Ultimately, the Court finds that the Magistrate Judge went one step too far by recommending that the Court remand the case based on the ALJ's failure to apply the guidance in Q&A 09-036. This is not to say, however, that the Court disagrees with the Magistrate Judge's ultimate recommendation that the Court remand the case to the Commissioner for additional findings at step three of the sequential evaluation process. Rather, because the Court finds that it simply cannot determine whether substantial evidence supports the ALJ's step three findings for the simple reason that the ALJ did not apply the revised Listing 11.02, which was in effect prior to the ALJ's decision, the Court ultimately agrees with the Magistrate Judge that remand is appropriate. *See, e.g.*, *Brown v. Berryhill*, No. 6:17-30390DCC-KFM, 2018 WL 6928737 (D.S.C. Dec. 11, 2018),

---

[1] Indeed, the link to the Q&A referenced in the Magistrate Judge's Report is not from any official Social Security source, but rather is a link to a disability attorney's website and corresponding blog post. (*See* ECF Nos. 25 at 29 and 26 at 5.)

adopted by No. 6:17-3039-DCC, 2019 WL 95149 (D.S.C. Jan. 2, 2019) (finding that the ALJ should have used the revised Listing 11.02 in analyzing the claimant's application). In the Revised Medical Criteria for Evaluating Neurological Disorders, the Social Security Administration states that it will apply the revised listing "on and after [the] effective date in any case in which we make a determination or decision." 81 Fed. Reg. 43048-01, 2016 WL 3551949 at 430561 n.6. Here, although the Listings applied by the ALJ and revised Listing 11.02 are similar, they are not entirely the same, and because the ALJ did not apply the correct law, it would be inappropriate for the Court to do so in the first instance, as it is not this Court's role to engage in fact-finding, to weigh the evidence, or to otherwise substitute its judgment for that of the Commissioner.[2] Instead, this Court's role is to determine whether substantial evidence supports the Commissioner's decision. But because the ALJ failed to perform a required analysis–regardless of the applicability of Q&A 09-036–the Court cannot find that substantial evidence supports the Commissioner's decision without remanding the matter to the Commissioner for further consideration at step three of the sequential evaluation process. Accordingly, the Court agrees with the Magistrate Judge that remand is in order, although for a different reason than set forth in the Magistrate Judge's Report.

Having found that remand is necessary for further evaluation at step three of the sequential evaluation process, the Court need not address Plaintiff's remaining allegations of error. On remand, however, the Commissioner should consider and address Plaintiff's

---

[2] Although the Commissioner argues that remanding the case for a new Listings analysis would be futile, the Court finds remand necessary because it is outside the Court's role to determine in the first instance whether Plaintiff has an impairment that equals or exceeds in severity revised Listing 11.02.

remaining allegations of error as appropriate.

## CONCLUSION

Based upon the foregoing, the Court adopts in part the Magistrate Judge's Report (ECF No. 25), only to the extent it is consistent with this Order; the Court effectively overrules the Commissioner's objections (ECF No. 26); and the Court remands this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further evaluation.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce H. Hendricks
United States District Judge

March 18, 2019
Charleston, South Carolina